UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN K. PEAVLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02034-JPH-DML |
| | ) |
| MADISON COUNTY OFFICE OF THE SHERIFF, *et al.* | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING SECOND AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Bryan Peavler, by counsel, brings this action pursuant to 42 U.S.C. § 1983 alleging that his rights were violated when he was confined at the Madison County Jail. His complaint and amended complaint were previously screened pursuant to the Court's inherent authority and dismissed for failure to state a claim upon which relief can be granted. Mr. Peavler has filed a second amended complaint and the second amended complaint is subject to the same screening.

**I. Screening Standard**

As the Court previously explained, the Court has the inherent authority to screen the amended complaint on its own. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

1

## II. Discussion

The second amended complaint names as defendants: 1) Madison County Sheriff's Department; 2) Madison County Board of Commissioners; 3) Officer Nunn; 4) Nurse Jane Doe; 5) Kelly Gaskill; 6) Mike Phipps, and 7) John Richwine.

The second amended complaint alleges that, when he was confined at the Madison County Jail, Mr. Peavler notified Officer Nunn that he had been threatened with a "beat down." Officer Nunn did not take steps to prevent the assault and Mr. Peavler was assaulted by another inmate and severely injured. The on-duty nurse denied Mr. Peavler medical care for more than a day. Mr. Peavler was then sent to St. Vincent's Hospital where he underwent hip surgery. He was then returned to the Madison County Jail where he was denied physical therapy. Mr. Peavler asserts that the failure to protect him from this assault was due to a policy and/or custom on the party of the Madison County Sheriff's Department and/or Madison County Board of Commissioners. He also sues the individual County Commissioners based on this policy.

Based on the Court's screening of the complaint, Mr. Peavler's failure to protect claim **shall proceed** against Officer Nunn. His policy and practice claim **shall proceed** against the Madison County Sheriff's Department and the Madison County Board of Commissioners.

All other claims are dismissed. First, any claim against Nurse Jane Doe must be dismissed because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If, through discovery, Mr. Peavler can learn the name of the unknown defendant, he may seek leave to add a claim against her. In addition, the claims against the individual members of the Board of Commissioners, Kelly Gaskill, Mike Phipps, and John Richwine, must be **dismissed**

because there is no allegation that these individuals personally participated in the alleged deprivations of Mr. Peavler's rights. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). To the extent that these individuals are named in their capacity as members of the Board of Commissioners, such claims are redundant. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 785 n.2 (1997) (finding that an official capacity suit is the same as a suit against the entity of which the officer is an agent).

### III. Conclusion

The claims in the second amended complaint shall proceed as outlined above. The **clerk shall terminate** Nurse Jane Doe, Kelly Gaskill, Mike Phipps, and John Richnwine as defendants. Counsel for the plaintiff shall provide the Court with revised summons. Counsel is responsible for service of the complaint and summons.

**SO ORDERED.**

Date: 11/27/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel